# UNITED STATES COURT OF APPEALS

<u>Filed 10/28/96</u>

## TENTH CIRCUIT

---

HERMAN JUNIOR REVELLO, JR.,

    Plaintiff-Appellant,

v.

SERGEANT CARL HANSEN,
CHIEF RONALD BLASKO,

    Defendants-Appellees.

No. 96-1113
(D.C. No. 94-B-786)
(Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

Herman Junior ReVello, Jr. appeals the district court's grant of summary judgment in favor of defendants in his civil rights action filed pursuant to 42 U.S.C. § 1983. We review the grant of summary judgment de novo. Eaton v. Jarvis Prods. Corp., 965 F.2d 922, 925 (10th Cir. 1992). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. We construe the facts in the light most favorable to the party opposing the motion. Id.

On March 8, 1994, while Mr. ReVello was a pretrial detainee at the Adams County Correctional Facility in Colorado, a cell believed to be Mr. ReVello's was searched as part of a unit shakedown. Contraband was found in the form of a tattoo pin made from a pencil and a toothbrush sharpened into a shank. Disciplinary charges were filed that day. Mr. ReVello was served with written notice of the charges, and a disciplinary hearing was scheduled. At the hearing, it was pointed out that Mr. ReVello resided in Cell B-226, whereas the report describing the cell search stated that contraband had been found in cell B-228. Based on that discrepancy, the hearing officer, Sergeant Hansen, stated he would recommend a finding of "not guilty." During the three-day waiting period between the hearing and the final disposition of the case, Sergeant Hansen investigated the discrepancy in cell number. Sergeant DeBaca, one of the officers who had conducted the cell search, confirmed that the appearance of B-228 as the

cell number on the report was a clerical error, and that she was sure the contraband was found in B-226, Mr. ReVello's cell, because she saw correspondence in the cell with Mr. ReVello's name on it. Sergeant Hansen then recommended a guilty verdict against Mr. ReVello and a punishment of six days of lockdown, which was approved by Chief Blasko.

After an administrative appeal, Mr. ReVello filed this section 1983 action against Sergeant Hansen and Chief Blasko, seeking damages for First, Eighth and Fourteenth Amendment violations which, among other things, included a failure to provide him a hearing on the charges. The district court dismissed for failure to allege facts which would support any claim for relief. On appeal, we dismissed Mr. ReVello's First and Eighth Amendment claims, but reversed and remanded for further proceedings on his due process claims. Relying on Lucero v. Gunter, 17 F.3d 1347, 1351 (10th Cir. 1994), we noted that Mr. ReVello was due the opportunity to call witnesses and present evidence at his hearing. We could not tell from the record "whether Mr. ReVello had a sufficient opportunity to present evidence at his disciplinary proceeding." Rec., vol. I, doc. 16, at 3. We remanded the case for further proceedings to resolve whether Sergeant Hansen "noticed the discrepancy [in cell numbers] prior to Mr. ReVello's defense or whether the discrepancy constituted that defense." Id.

On remand, and in response to Defendant's Motion to Dismiss/Summary Judgment, Mr. ReVello stated that he "did have the opportunity to present evidence and witnesses in his defense" at the disciplinary hearing and chose not to because the only witnesses he could call were the corrections officers who had performed the search. Id., doc. 33, at 3. He admits that "his defense was that cell B-228, the location of the alleged violation[,] was not his cell." Id. at 2.

Based on those admissions, the magistrate judge concluded that Mr. ReVello had "raised the cell discrepancy as his defense and his due process right to call witnesses and present evidence was preserved," and recommended dismissal or summary judgment. Id., doc. 33, at 3. On a de novo review, the district court agreed, and granted summary judgment to defendants. We also agree that there are no genuine issues of material fact as to whether Mr. ReVello had the opportunity to present witnesses and evidence at his disciplinary hearing. We therefore affirm the district court's grant of summary judgment to defendants.

We note, in passing, defendants' argument in the alternative that even if Mr. ReVello had been deprived of the opportunity to call witnesses and present evidence at his disciplinary hearing, he was "not entitled to the procedural protections of the Due Process Clause" in this case under Sandin v. Conner, ___ U.S. ___, ___, 115 S. Ct. 2293, 2300 (1995). But see Mitchell v. Dupnik, 75 F.3d 517, 523-24 (9th Cir. 1996) (holding Sandin inapplicable to pretrial

detainee). Because Mr. ReVello had the opportunity to call witnesses and present evidence at his disciplinary hearing, it is not necessary for us to decide whether Sandin applies to pretrial detainees like Mr. ReVello.

We AFFIRM the district court's grant of summary judgment to defendants on Mr. ReVello's due process claim.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge
